# EXHIBIT A

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

DOLORES OTT,

      *Plaintiff,*

      v.

MIDLAND CREDIT MANAGEMENT, INC.,

      *Defendant.*

:  CIVIL DIVISION
:
:  **ELECTRONICALLY FILED**
:
:  Docket No. AR-25- 008978
:
:  **COMPLAINT IN CIVIL ACTION**
:
:

Filed on Behalf of Plaintiff:
Dolores Ott

Counsel of Record for this Party:
**J.P. WARD & ASSOCIATES, LLC**

Alexander C. DiBucci
Pa. I.D. No. 336800

J.P. Ward & Associates, LLC
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone: (412) 760-0329
Fax No.:  (412) 540-3399
E-mail: adibucci@jpward.com

## NOTICE TO DEFEND

**YOU HAVE BEEN SUED IN COURT.** If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. If you do not have a lawyer, go to or telephone the office set forth below. This office can provide you with information about hiring a lawyer. IF YOU CANNOT AFFORD TO HIRE A LAWYER, this office may be able to provide you with information about agencies that may offer legal service to eligible persons at a reduced fee or no fee:

LAWYER REFERRAL SERVICE
11TH FLOOR KOPPERS BUILDING,
436 SEVENTH AVENUE
PITTSBURGH, PENNSYLVANIA 15219
TELEPHONE: (412) 261-5555

**HEARING NOTICE YOU HAVE BEEN SUED IN COURT.** The above Notice to Defend explains what you must do to dispute the claims made against you. If you file the written response referred to in the Notice to Defend, a hearing before a board of arbitrators will take place in the Compulsory Arbitration Center. Report to the Arbitration Assembly Room, Courtroom Two, Seventh Floor City-County Building, 414 Grant Street, Pittsburgh, Pennsylvania 15219, on _____, 2025, at 9:00 A.M.

IF YOU FAIL TO FILE THE RESPONSE DESCRIBED IN THE NOTICE TO DEFEND, A JUDGMENT FOR THE AMOUNT CLAIMED IN THE COMPLAINT MAY BE ENTERED AGAINST YOU BEFORE THE HEARING. DUTY TO APPEAR AT ARBITRATION HEARING IF ONE OR MORE OF THE PARTIES IS NOT PRESENT AT THE HEARING, THE MATTER MAY BE HEARD AT THE SAME TIME AND DATE BEFORE A JUDGE OF THE COURT WITHOUT THE ABSENT PARTY OR PARTIES. THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.

NOTICE: You must respond to this complaint within twenty (20) days or a judgment for the amount claimed may be entered against you before the hearing. If one or more of the parties is not present at the hearing, the matter may be heard immediately before a judge without the absent party or parties. There is no right to a trial de novo on appeal from a decision entered by a judge.

1

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| DOLORES OTT, | : CIVIL DIVISION |
| | : |
| *Plaintiff,* | : **ELECTRONICALLY FILED** |
| | : |
| v. | : Docket No. AR-25- OO8978 |
| | : |
| MIDLAND CREDIT MANAGEMENT, INC., | : |
| | : |
| | : |
| *Defendant.* | : |

## COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff, Dolores Ott, by and through the undersigned counsel, J.P. Ward & Associates, LLC and, specifically, Alexander C. DiBucci, Esquire, who files the within Complaint in Civil Action against Defendant, Midland Credit Management, Inc. of which the following is a statement:

## PARTIES

1.      Plaintiff, Dolores Ott is an adult individual who currently resides at 150 Main St 108C, Harleysville, PA 19438, United States.

2.      Defendant, Midland Credit Management, Inc., (hereinafter "Midland Credit Management"), is a corporation with its principal place of business located at 350 Camino De La Reina, Suite 100, San Diego, CA 92108.

## JURISDICTION AND VENUE

3.      Jurisdiction is proper as Plaintiff brings this lawsuit under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, the "FDCPA").

2

4. Venue is proper pursuant to Pa.R.C.P. 2179(a)(2) because Defendant regularly conducts business in Allegheny County, Pennsylvania, and because Defendant is subject to general jurisdiction of Allegheny County, Pennsylvania.

### PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

5. On 07/22/2025, Midland Credit Management filed a Civil Complaint against Dolores Ott in Magisterial District Court at Docket Number: MJ-38124-CV-0000342-2025.

6. In response, Dolores Ott engaged J.P. Ward & Associates, LLC, to defend against the allegations to the aforementioned lawsuit.

7. On 08/13/2025, J.P. Ward & Associates, LLC filed an Entry of Appearance and an Intent to Defend on Dolores Ott's behalf.

8. On 08/12/2025, J.P. Ward & Associates, LLC served Midland Credit Management with a letter (hereinafter, the "First Dispute Letter"), informing them that Dolores Ott was represented by counsel and that she disputed the alleged debts in Midland Credit Management's possession.

9. This First Dispute Letter specifically stated that Dolores Ott "denie[d] owing MIDLAND CREDIT MANAGEMENT, INC. any amount of money" and informed Midland Credit Management that Dolores Ott disputed any and all "Debts" Midland Credit Management claimed to possess.

10. "Debts" as defined within the First Dispute Letter delineated and included "any related debt(s) and/or credit account(s) your company [Midland Credit Management] claims to have, sold, purchased and/or assigned from yourself, another creditor, debt buyer or other entity as of the date of this letter."

3

11. Following receipt of the First Dispute Letter, Midland Credit Management had a duty to accurately reflect the disputed nature of all debts associated with Dolores Ott and to communicate this disputed nature to all relevant credit reporting agencies.

12. Furthermore, Midland Credit Management was directed to cease and desist from contacting Dolores Ott directly.

13. On 10/14/2025, a Civil Action Hearing was held before the Magisterial District Judge. At the conclusion of the hearing, the District Judge granted a JUDGMENT FOR DEFENDANT, ruling in favor of Dolores Ott and against Midland Credit Management.

14. On 09/12/2025, Midland Credit Management furnished false and inaccurate information about Dolores Ott to TransUnion by updating multiple tradelines associated with alleged debts that were disputed by Dolores Ott.

15. Midland Credit Management reported the abovementioned tradelines reflecting balances of $236, $803, and $1,322, as "Pay Status: >in Collection<" and "Remarks: >CLA<."

16. Upon information and belief, the alleged debt in the amount of $1,322 was the same account previously litigated, which resulted in a judgment in favor of Dolores Ott and against Midland Credit Management.

17. The information furnished by Midland Credit Management regarding the alleged and disputed debts contradicted their disputed status.

18. Therefore, Midland Credit Management falsely represented the character and legal status of the alleged debts in violation of 15 U.S.C. § 1692e(2)(a) of the FDCPA.

19. By falsely and inaccurately representing the character and legal status of the alleged debts, Midland Credit Management thereby communicated credit information which is known or which should be known to be false and thus violated 15 U.S.C. § 1692e(8) of the FDCPA.

4

20.    Furthermore, by failing to communicate that the alleged debts were disputed, Midland Credit Management communicated credit information which is known or which should be known to be false in violation of 15 U.S.C. § 1692e(8) of the FDCPA.

**COUNT I**
**VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692, *et seq.***

21.    Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

22.    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. 1692(a).

23.    The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

24.    Dolores Ott is a "consumer" as defined by § 1692a(3) of the FDCPA.

25.    Midland Credit Management is a "debt collector" as defined by § 1692a(6) of the FDCPA.

26.    Upon information and belief, the alleged "debt" arises out of an alleged transaction entered into primarily for personal, family, or household purposes. "The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

27.    The Third Circuit has held that the FDCPA is to be enforced by private attorney generals. *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d. Cir. 2004).

28.    Section 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of – (A) the character, amount, or legal status of any debt; (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

15 U.S.C. § 1692e of the FDCPA.

29.    On 09/12/2025, Midland Credit Management furnished false and inaccurate information about Dolores Ott to TransUnion by updating multiple tradelines associated with alleged debts that were disputed by Dolores Ott.

30.    This communication of credit information associated with the alleged debts controverted their disputed status and thereby constituted a false representation of the character and legal status of the alleged debts in violation of 15 U.S.C. § 1692e(2)(a) of the FDCPA.

31.    By falsely and inaccurately representing the character and legal status of the alleged debts, Midland Credit Management thereby communicated credit information which is known or which should be known to be false and thus violated 15 U.S.C. § 1692e(8) of the FDCPA.

32.    Furthermore, by failing to communicate that the alleged debts were disputed, Midland Credit Management communicated credit information which is known or which should be known to be false in violation of 15 U.S.C. § 1692e(8) of the FDCPA.

33. Section 1692d of the FDCPA provides, in relevant part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

34. Here, the only natural consequence of Midland Credit Management's acts of willfully communicating credit information which was known to be false was to harass, oppress, and abuse Dolores Ott.

35. As such, Midland Credit Management's conduct, as set forth above, violated 15 U.S.C. § 1692d of the FDCPA.

36. Section 1692k(a) of the FDCPA provides, in relevant part:

> …any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damages sustained by such person as the result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

15 U.S.C. § 1692k(a) of the FDCPA.

37. As a direct and proximate result of Midland Credit Management's violations of the FDCPA, as set forth above, Dolores Ott has suffered annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

WHEREFORE, Plaintiff, Dolores Ott, respectfully requests that this Honorable Court enter judgment in their favor and against Defendant, Midland Credit Management, and enter an award of monetary damages as described herein, within arbitration limits, including an award for actual damages, statutory damages pursuant to 15 U.S.C. §1692k(a), costs and attorney's fees pursuant

7

to 15 U.S.C. § 1692k(a), and such other and further relief as this Honorable Court deems just and proper.

**JURY TRIAL DEMANDED UPON APPEAL OR REMOVAL.**

Date: October 30, 2025

Respectfully submitted,

**J.P. WARD AND ASSOCIATES, LLC**

By: *Alexander C. DiBucci*

Alexander C. DiBucci, Esq.
(Pa I.D. No. 336800)
J.P. Ward and Associates, LLC
The Rubicon Building
201 South Highland Avenue, Suite 201
Pittsburgh, PA 15206

Email: adibucci@jpward.com
Direct: 412-760-0329

*Counsel for Plaintiff*

## VERIFICATION

I, Dolores Ott, have read the foregoing COMPLAINT and verify that the statements therein are correct to the best of my personal knowledge, information, and/or belief.

I understand that this verification is made subject to the penalties of 18 Pa. C.S.A. 4904 relating to unsworn falsification to authorities, which provides that if I knowingly make false averments, I may be subject to criminal penalties.

Respectfully submitted,

Date: 10/30/2025

By: *Dolores Ott*
Dolores Ott (Oct 30, 2025 17:51:54 EDT)

9